NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MOJAVE DESERT AIR QUALITY
MANAGEMENT DISTRICT,

Petitioner,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY; MICHAEL S.
REGAN, Administrator of the United States
Environmental Protection Agency,

Respondents.

No. 23-1411

EPA Nos.
EPA–R09–OAR–2022–0338
FRL–10269–02–R9

MEMORANDUM[*]

On Petition for Review of an Order of the
Environmental Protection Agency

Argued and Submitted August 20, 2024
San Francisco, California

Before: BRESS and VANDYKE, Circuit Judges, and LASNIK,[**] District Judge.

The Mojave Desert Air Quality Management District ("Mojave" or "the District") petitions for review of the EPA's limited disapproval of the District's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

revisions to its portion of California's state implementation plan ("SIP") under the Clean Air Act. 88 Fed. Reg. 42258 (June 30, 2023). We have jurisdiction under 42 U.S.C. § 7607(b)(1) and may set aside agency action that is arbitrary and capricious or not in accordance with law. 5 U.S.C. § 706(2)(A). Because the EPA inadequately explained the reversal of its prior approval of a similar Mojave rule, we conclude that the EPA's disapproval was arbitrary and capricious. We therefore grant Mojave's petition and remand for the EPA to sufficiently articulate its reasons for the change, should they exist.

1. At issue here is that portion of Mojave Rule 1304 which governs the use of Simultaneous Emissions Reductions ("SERs"). SERs "'fund' a change elsewhere at [a] Facility" and must be contemporaneous with the increases they are intended to offset. SERs are usually calculated by subtracting post-modification proposed emissions from pre-modification actual emissions. Rule 1304(C)(2)(b). But under certain circumstances, sources may generate SERs by subtracting the post-modification proposed emissions from the pre-modification "potential to emit," so long as it "ha[s] been previously offset." Rule 1304(C)(2)(d).

The EPA reasoned that Rule 1304(C)(2)(d)'s method for calculating SERs (1) conflicts with 40 C.F.R. § 51.165(a)(3)(ii)(J), which requires sources to calculate the volume of required offsets based on pre-modification actual emissions, 87 Fed. Reg. 72424, 72437 (Nov. 25, 2022); and (2) does not satisfy 42 U.S.C. § 7503(c)(1)

2

because "[c]alculating emissions decreases using a potential emissions baseline allows reductions 'on paper' that do not represent real emissions reductions." *Id.*

In Mojave's view, both reasons represent unexplained departures from the EPA's prior approval of similar rules proposed by the District. "Where the petitioner challenges the agency's action as inconsistent with the agency's own policies, [this court] examine[s] whether the agency has actually departed from its policy and, if so, whether the agency has offered a reasoned explanation for such departure." *Bahr v. EPA*, 836 F.3d 1218, 1229 (9th Cir. 2016) (citing *Encino Motorcars, LLC v. Navarro*, 579 U.S. 211, 220–23 (2016)). We agree with Mojave that the EPA did not sufficiently articulate its change of position, and therefore its reasons for why Rule 1304(C)(2)(d) is allegedly improper.

In a prior permitting action, Mojave proposed that "the baseline for calculating the offset requirement for major modifications in nonattainment areas" would be "a source's pre-modification potential to emit … rather than its pre-modification actual emissions." 60 Fed. Reg. 55355, 55356 (Oct. 31, 1995). Because the proposed rule did not require the "pre-modification potential to emit" to be fully offset, the EPA proposed to disapprove it, explaining that it "[wa]s not acceptable *unless* the source has already offset its entire pre-modification PTE." *Id.* (emphasis added).

After Mojave amended the rule to clarify that a source's pre-modification potential to emit must be fully offset, the EPA "found that the rules m[e]t the

3

applicable EPA requirements," including "sections 172 and 173 of the [Act] and EPA's NSR's regulations at 40 CFR 51.160 through 51.165." 61 Fed. Reg. 58133, 58134 (Nov. 13, 1996). An accompanying technical support document confirmed that the proposed rules satisfied 42 U.S.C.§ 7503(c)(1)'s requirement that "emissions increases" "were offset by real reductions in actual emissions."

The EPA acknowledges its prior approval but contends that 40 C.F.R. § 51.165(a)(3)(ii)(J) explains the new result. But EPA did not sufficiently explain why this regulation, which was added in 2002, caused it to change its position about the legality of Mojave's SER program. Indeed, and although the reason for this is unclear, the briefing in this court contains far greater discussion of these issues than the more limited reasoning offered by the agency during the administrative process. To the extent the EPA "'display[ed] awareness that it is changing position,'" it did not sufficiently "'show that there are good reasons for the new policy.'" *Encino Motorcars*, 579 U.S. at 220 (citation omitted).

2. The EPA contends that Mojave failed to preserve its arbitrary and capricious challenge by failing to raise it with adequate specificity in its comments. We disagree. Under the Act, objections must be raised "with reasonable specificity." 42 U.S.C. § 7607(d)(7)(B). To satisfy that requirement, a party "need only confirm that the government had 'notice of the challenge' during the public comment period

4

and a chance to consider 'in substance, if not in form, the same objection now raised' in court." *Ohio v. EPA*, 144 S. Ct. 2040, 2055 (2024) (citation omitted).

Although Mojave could have provided more explanation for its position, Mojave satisfied its burden before the agency. Its comments include a section criticizing the proposed rulemaking for "identif[ying] alleged deficiencies which are currently approved into the SIP without explanation regarding why previously approved provisions are now inappropriate." That section identifies the 1996 approval as the prior relevant action, notes that "the [Act] has not been amended since 1990," identifies an "apparent change," and requests a more detailed explanation for that change. These comments present "'in substance, if not in form, the same objection now raised'" before this court. *Id.*

For these reasons, the District's petition is **GRANTED** and the matter is **REMANDED** for further proceedings before the agency on an open record consistent with this decision.[1]

---

[1] The District's motion for a stay pending review, Dkt. No. 18, which was filed contemporaneously with its opening brief and referred by a motions panel of this court to this merits panel, *see* Dkt. No. 25, is **DENIED** as moot.